UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT ALLEN VAN ORDEN III,

                Plaintiff,

-against-

CITY OF PORT JERVIS – PD,

                Defendant.

20-CV-7207 (PMH)

ORDER OF SERVICE

---

PHILIP M. HALPERN, United States District Judge:

Plaintiff, currently incarcerated in the Orange County Jail, brings this action under 42 U.S.C. § 1983, alleging that members of the City of Port Jervis Police Department used excessive force against him during an arrest. By order dated November 18, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. Port Jervis Police Department

Plaintiff's claims against the Port Jervis Police Department must be dismissed because under New York law, city agencies or departments lack the capacity to be sued. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of Port Jervis, the Court construes the complaint as asserting claims against the City of Port Jervis, and directs the Clerk of Court to amend the caption of this action to replace the City of Port Jervis - PD with the City of Port Jervis. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of Port Jervis may wish to assert.

### B. Service on the City of Port Jervis

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of

the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant City of Port Jervis through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.    John Doe Arresting Officers**

Plaintiff asserts that on February 7, 2020, unnamed members of the Port Jervis Police Department used excessive force against him. He is unable to identify these officers because he was knocked unconscious. The Clerk of Court is therefore directed, under Fed. R. Civ. P. 21, to also add "John Doe Police Officers 1-5, members of the Port Jervis Police Department" as defendants to this action. This amendment is without prejudice to any defenses that these unidentified defendant may later wish to assert.

Further, under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Port Jervis Police Department to identify the John Doe officers who were involved with Plaintiff's arrest on February 7, 2020. It is therefore ordered that the City Attorney for the City of Port Jervis, who is the attorney for and agent of the Port Jervis Police Department, must ascertain the identities and badge numbers of the John Doe officers whom Plaintiff seeks to sue here and the addresses where these defendants may be served. The City Attorney must provide this information to Plaintiff and the Court within sixty days of the date of this order.

The Court will deem the complaint amended once the John Doe Defendants are identified. If identified, the Court will issue a subsequent order of service directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the City of Port Jervis - PD. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). The Clerk of Court is also directed to add, under Fed. R. Civ. P. 21, the City of Port Jervis and John Doe Police Officers 1-5, members of the Port Jervis Police Department, as defendants.

The Clerk of Court is further instructed to issue a summons and complete the USM-285 form with the address for the City of Port Jervis and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to City Attorney, City of Port Jervis at: 20 Hammond St., Port Jervis, New York 12771.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 19, 2020
         White Plains, New York

                                                  PHILIP M. HALPERN
                                            United States District Judge

## DEFENDANT AND SERVICE ADDRESS

1. City of Port Jervis
   20 Hammond St.
   Port Jervis, New York 12771