UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT ALLEN VAN ORDEN, III,

                Plaintiff,

        -against-

CITY OF PORT JERVIS, et al.,

                Defendants.

**ORDER**

20-CV-07207 (PMH)

PHILIP M. HALPERN, United States District Judge:

Robert Allen Van Orden, III ("Plaintiff"), currently incarcerated at Orange County Jail and proceeding *pro se* and *in forma pauperis*, commenced this action on September 3, 2020. (Doc. 1). Plaintiff brings a claim under 42 U.S.C. § 1983 against members of the City of Port Jervis Police Department who allegedly used excessive force against him during an arrest.

This case was reassigned to me from Judge Woods on November 19, 2020. That same day, the Court issued an Order of Service, wherein the Court, *inter alia*: (1) construed the Complaint to assert claims against the City of Port Jervis, not the Port Jervis Police Department; (2) directed the Clerk of the Court to amend the caption of this action to replace the "City of Port Jervis – PD" with the "City of Port Jervis"; (3) directed the Clerk of the Court to add "John Doe Police Officers 1-5, members of the Port Jervis Police Department" as defendants; and (4) "ordered that the City Attorney for the City of Port Jervis . . . must ascertain the identities and badge numbers of the John Doe officers whom Plaintiff seeks to sue here and the addresses where these defendants may be served." (Doc. 7 at 4). The Court further ordered the City Attorney to "provide this information to Plaintiff and the Court within sixty days . . . ." (*Id*.). Copies of Plaintiff's Complaint and the Order of Service were mailed to the City Attorney on November 20, 2020.

The "City of Port Jervis – PD"[1] ("Former Defendant") moved to dismiss Plaintiff's Complaint on December 11, 2020. (Doc. 11). That same day, the Court denied such motion to dismiss without prejudice for failure to comply with the Court's Individual Practice 2.C. (Doc. 13). On December 22, 2020, Former Defendant filed a letter requesting a pre-motion conference in advance of moving to dismiss the action. (Doc. 15). Plaintiff did not file a letter in opposition. "Given Plaintiff's *pro se* status, the Court waive[d] the pre-motion conference requirement and grant[ed] Defendant permission to move to dismiss Plaintiff's Complaint." (Doc. 16).

On January 28, 2021, before the identities of "John Doe Police Officers 1-5, members of the Port Jervis Police Department" were ascertained, Former Defendant moved to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc 18). Plaintiff's opposition was due by March 5, 2021, but as of March 19, 2021, he had not filed one. (Doc. 22). Accordingly, the Court *sua sponte* extended Plaintiff's time to oppose the motion to dismiss until April 19, 2021. (*Id*.). The Court clarified that if Plaintiff failed to file his opposition by April 19, 2021, the motion to dismiss would be deemed fully submitted and unopposed. (*Id*.). Former Defendant filed a reply brief on April 7, 2021. (Doc. 23). To date, Plaintiff has not filed an opposition and the identities of the John Doe officers have not been ascertained.

In light of the City Attorney's failure to (1) ascertain the identities and badge numbers of the John Doe officers and the addresses where these defendants may be served; (2) provide this

---

[1] Counsel moves on behalf of the "City of Port Jervis – PD," despite the fact that the Order of Service (1) dismissed the City of Port Jervis Police Department from this action, and (2) amended the case caption to replace the "City of Port Jervis – PD" with the "City of Port Jervis." (Doc. 7 at 2). Counsel argued in their moving papers, notwithstanding the Order of Service, that the Court should dismiss Plaintiff's claims against the City of Port Jervis Police Department for precisely the same reason that the Court had already dismissed such defendant from this action. (*Compare id*. ("Plaintiff's claims against the Port Jervis Police Department must be dismissed because under New York law, city agencies or departments lack the capacity to be sued."), *with* Doc. 18-5 at 5-6 ("Plaintiff's Complaint against the CITY OF PORT JERVIS POLICE DEPARTMENT should be dismissed in its entirety, as it is an improper party to this action.")).

information to Plaintiff and the Court within sixty days of the Court's November 19, 2020 Order

of Service; and (3) appear on behalf of the City of Port Jervis (as previously directed), as opposed

to the City of Port Jervis Police Department, the motion to dismiss Plaintiff's Complaint is

DENIED without prejudice.

The City Attorney is directed to: (1) ascertain the identities and badge numbers of the John

Doe officers whom Plaintiff seeks to sue herein along with addresses where those individuals may

be served; (2) provide this information to Plaintiff and the Court within sixty days of the date of

this Order; and (3) appear on behalf of the City of Port Jervis in this action, should they be so

advised. As stated in the Order of Service, "[t]he Court will deem the complaint amended

once the John Doe Defendants are identified." (Doc. 7 at 4). If identified, the Court will issue a

subsequent order of service directing the Clerk of the Court to complete the USM-285 forms with

the addresses for the named John Doe defendants and deliver all documents necessary to effect

service to the U.S. Marshals Service.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending

at Doc. 18 and mail a copy of this Order to Plaintiff.


SO-ORDERED:

Dated: White Plains, New York
         August 5, 2021

_____
       Philip M. Halpern
       United States District Judge