UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT ALLEN VAN ORDEN, III,

Plaintiff,

-against-

CITY OF PORT JERVIS, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

20-CV-07207 (PMH)

PHILIP M. HALPERN, United States District Judge:

Robert Allen Van Orden, III ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action under 42 U.S.C. § 1983 on September 3, 2020, raising a single claim for excessive force against Officers Stanley Buczek ("Buczek"), Andrew Hanuik ("Hanuik"), Christopher J. Mehedin ("Mehedin"), Thomas J. Osowick ("Osowick," and collectively, the "Individual Defendants"), and the City of Port Jervis ("City," and with the Individual Defendants, "Defendants").[1] (Doc. 1, "Compl.").[2]

Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on November 9, 2021.[3] (Doc. 33; Doc. 33-2, "Def. Br."). Plaintiff filed an opposition brief on December 13, 2021 (Doc. 37, "Opp. Br."), and the motion was submitted fully with the filing of Defendants' reply memorandum of law on January 14, 2022 (Doc. 38, "Reply").

---

[1] Plaintiff initially sued the "City of Port Jervis–PD" and John Doe Officers. (*See generally*, Compl.). On November 19, 2020, the Court issued an Order of Service, substituting the City as a Defendant in place of the "City of Port Jervis–PD." (Doc. 7). The Court also directed the City Attorney to identify the John Doe Officers whom Plaintiff sought to sue and provide th[at] information to Plaintiff . . . ." (*Id.*). On September 9, 2021, the City provided to the Court and Plaintiff the identities and badge numbers of the John Doe police officers whom Plaintiff sought to sue, as well as the addresses where they could be served. (Doc. 25).

[2] Citations to the Complaint correspond to the pagination generated by ECF.

[3] While Defendants purport to move under both of these subsections of Rule 12(b), they make no 12(b)(1) argument concerning subject-matter jurisdiction in their moving brief. (*See generally*, Def. Br.).

**BACKGROUND**

Plaintiff alleges that on February 7, 2020, between 1:00 a.m. and 4:00 a.m., "[p]olice came into the house [he] was at and tackled [him] to the floor while [his] back was turned," "pepper spray[ed]" him, and "dragged [him] out of the house," resulting in a "cut on [his] head, cut on the side of [his] nipple, two black eyes, and a bruise on [his] right arm." (Compl. at 3-4). This interaction occurred in his home while Defendants were executing an arrest warrant.[4] (Opp. Br. at 1). Plaintiff also alleges that the Individual Defendants engaged in "police brutality" and "used . . . force against [him]." (*Id*. at 2). In a November 5, 2021 letter to the Court, Plaintiff wrote that he seeks $5,000,000 in damages. (Doc. 31).

Defendants argue in the pending motion that the action ought to be dismissed because: (i) Plaintiff's claim under 42 U.S.C. § 1983 is insufficient because he does not specify the constitutional provision under which he is suing; and (ii) Plaintiff fails to otherwise state a claim. (*See generally*, Def. Br.). Defendants, for the first time in their reply brief, also raise the argument that the action should be dismissed because any force used against Plaintiff was *de minimis*. (Reply at 4).

For the reasons set forth below, Defendants' motion to dismiss is DENIED.

[4] Given the liberality afforded *pro se* litigants, it is appropriate to consider new allegations in a *pro se* plaintiff's opposition memorandum where they are consistent with the allegations contained in the pleading. *Vail v. City of New York*, 68 F. Supp. 3d 412, 427 (S.D.N.Y. 2014) ("Where new allegations in a pro se plaintiff's opposition memoranda 'are consistent with the allegations contained' in the Complaint, they may be read 'as supplements to th[e] pleadings . . . .'" (quoting *Boyer v. Channel 13, Inc*., No. 04-CV-02137, 2005 WL 2249782, at *6 (S.D.N.Y. Mar. 9, 2005)); *see also Davis v. Cty. of Suffolk*, No. 18-CV-00303, 2020 WL 7699919, at *4 (E.D.N.Y. Oct. 30, 2020) ("[I]n deciding a motion to dismiss a pro se complaint, it is appropriate to consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint, including documents that a pro se litigant attaches to his opposition papers." (internal citations and quotation marks omitted)), *adopted by* 2020 WL 7041082 (E.D.N.Y. Dec. 1, 2020).

**STANDARD OF REVIEW**

A Rule 12(b)(6) motion enables a court to consider dismissing a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

"When there are well-ple[d] factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of actions." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs are often unfamiliar with the formalities of pleading requirements, courts must apply a more flexible standard in determining the sufficiency of a *pro*

*se* complaint than they would in reviewing the complaint of an individual represented by counsel. *Smith v. U.S. Dep't of Just*., 218 F. Supp. 2d 357 (W.D.N.Y. 2002). While "[*p*]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following Twombly and Iqbal . . . dismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty*., No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case, [ ] 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" (quoting *Harris*, 572 F.3d at 72)).

Therefore, while the Court is "obligated to draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis*, 618 F.3d at 170. The Court also has a duty to interpret the pleadings of a *pro se* plaintiff liberally "to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

The Court, interpreting the pleading liberally, construes the Complaint as alleging a § 1983 claim of excessive force under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, at 394 (1989); *Castilla v. City of New York*, No. 09-CV-05446, 2013 WL 1803896 (S.D.N.Y. Apr. 25, 2013) (assessing a claim of excessive force used during an arrest as one proceeding under the

Fourth Amendment). The Court specified previously that it construed the Complaint as raising such a claim in a November 19, 2020 Order.[5] (Doc. 7).

That statute provides, in pertinent part, that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. "This language does not create substantive rights; rather, it creates a mechanism by which individuals can vindicate the violation of rights secured elsewhere." *Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *3 (S.D.N.Y. Jan. 8, 2021). Thus, to state a claim under § 1983, Plaintiff must demonstrate "(1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under color of state law, or a state actor." *Id.*; *see also Town & Country Adult Living, Inc. v. Vill./Town of Mount Kisco*, No. 17-CV-08586, 2019 WL 1368560, at *17 (S.D.N.Y. Mar. 26, 2019).

Defendants aver that "it is well settled that the 'first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed.'" (Def. Br. at 6 (quoting *Albright v. Oliver*, 510 U.S. 266 (1994))). Defendants argue, to this point, that "[P]laintiff has not alleged any constitutional violations which would form the basis of his 42 U.S.C. §1983 claim, nor is there sufficient information in the Complaint by which any such constitutional violation can be inferred." (*Id.*). Defendants contend further that Plaintiff "does not state the context of [his] interaction [with police] or his custodial status at the time of the alleged occurrence, nor is the Court permitted to infer same." (*Id.*). Plaintiff, however, need not recite the specific constitutional

[5] The Court, in that Order, explained in the first sentence as follows: "Plaintiff, currently incarcerated in the Orange County Jail, brings this action under 42 U.S.C. § 1983, alleging that members of the City of Port Jervis Police Department *used excessive force against him during an arrest*." (Doc. 7 at 1 (emphasis added)). That Order is available on commercial databases. *See Van Orden v. City of Port Jervis – PD*, No. 20-CV-07207, 2020 WL 6807678 (S.D.N.Y. Nov. 19, 2020). However, for ease of reference, the Court cites herein the copy of this Order filed on the docket.

provision in question in order to raise a constitutional claim. *See Correa v. Lynch*, No. 20-CV-02875, 2021 WL 2036697, at *5 (S.D.N.Y. May 20, 2021) ("[G]iven the special solicitude granted to *pro se* litigants and the liberality with which the Court must view their pleadings, the fact that Plaintiff invoked the Eighth as opposed to the Fourteenth Amendment is no basis to dismiss the claim." (internal citations omitted)). Moreover, Plaintiff's allegation that he was tackled, pepper sprayed, and dragged out of his house in the midst of an arrest is sufficient for the Court to infer—as it did in its November 19, 2020 Order—that Plaintiff intends to state a claim based on excessive force during arrest. (Doc. 7 at 1). The right to be free from excessive force when arrested is a protection indisputably provided for in the Constitution and actionable under § 1983. *See, e.g.*, *Graham*, 490 U.S. at 394; *Castilla*, 2013 WL 1803896, at *2-3; *Richardson v. N.Y.C. Health and Hosp. Corp.*, No. 05-CV-06378, 2009 WL 804096, at *10-11 (S.D.N.Y. Mar. 25, 2009); *Stokes v. City of New York*, No. 05-CV-00007, 2007 WL 1300983, at *10 (E.D.N.Y. May 3, 2007).

Defendants argue also that Plaintiff's claims that he was tackled, pepper sprayed, dragged out of his house, and knocked unconscious constitute nothing more than "an accusation that the defendant unlawfully harmed him." (Def. Br. at 11). Defendants conclude that such "bare allegations are insufficient to withstand the instant motion, and therefore, dismissal is warranted." (*Id*. at 10). The Court, however, disagrees and finds that it is Defendants who present conclusory arguments and therefore fail to meet their burden on this motion. "Defendants merely restate . . . caselaw without meaningfully applying it to the facts of the case." *Dipinto v. Westchester Cty.*, No. 18-CV-00793, 2019 WL 4142493, at *4 n.4 (S.D.N.Y. Aug. 30, 2019). Defendants make no attempt to grapple with Plaintiff's excessive force claim or assess whether such force was reasonable under the circumstances. *See Graham*, 490 U.S. at 396 ("Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the

nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." (internal quotations omitted)).

Defendants argue in their reply brief—for the first time—that "in the event of a de minimis injury, such as those claimed by plaintiff, a constitutional claim alleging excessive force should be dismissed." (Reply at 7 (citations omitted)). This argument was not raised in Defendants' moving brief and is not properly raised in the reply brief, as the *pro se* Plaintiff did not raise this issue in his opposition brief and did not have an opportunity to respond to it. *United States v. Pepin*, 514 F.3d 193, 203 n.13 (2d Cir.2008) (noting that courts "generally do not consider issues raised in a reply brief for the first time" because the opposing party "may not have an adequate opportunity to respond to it" (quoting *In re Harris*, 464 F.3d 263, 268-69 n.3 (2d Cir. 2006))); *see also S.E.C. v. Milan Cap. Grp., Inc.*, No. 00-CV-00108, 2014 WL 2815590 (S.D.N.Y. June 23, 2014); *Trustees of Hollow Metal Tr. Fund v. FHA Firedoor Corp.*, No. 12-CV-07069, 2013 WL 1809673 (S.D.N.Y. Apr. 30, 2013); *Canini v. United States*, No. 04-CR-00283, 2012 WL 832443 (S.D.N.Y. Mar. 12, 2012).

However, even were this argument properly before the Court, Defendants have not satisfied their burden of proof on this motion. The arguments raised by Defendants are inadequate, much less sufficiently persuasive, to justify dismissal of the Complaint. Indeed, none of the cases Defendants cite in their reply brief is connected to an excessive force claim in the context of a motion to dismiss. (*See generally* Reply Br. (citing *Graham*, 490 U.S. 386 (adjudicating on appeal excessive force issues from a directed verdict); *Cornejo v. Bell*, 592 F.3d 121 (2d Cir. 2010) (adjudicating on appeal due process claims from summary judgment); *Romano v. Howarth*, 998 F.2d 101 (2d Cir. 1993) (adjudicating on appeal excessive force issues from trial); *Lewis v. Westchester Cty.*, No. 18-CV-04086, 2020 WL 5535374 (S.D.N.Y. Sept. 14, 2020) (adjudicating

conditions of confinement claims on a motion to dismiss); *Williams v. City of New York Dep't of Corr.*, No. 19-CV-09528, 2020 WL 3893929 (S.D.N.Y. July 10, 2020) (adjudicating a deliberate indifference to medical needs claim on a motion to dismiss and cross motion for summary judgment); *Caldwell v. City of New York*, No. 17-CV-07808, 2018 WL 8996337 (S.D.N.Y. Sept. 6, 2018) (adjudicating false arrest and malicious prosecution claims on a motion to dismiss); *Castilla*, 2013 WL 1803896 (adjudicating excessive force claims on summary judgment); *Jean-Francois v. Vill. of Larchmont*, No. 08-CV-08212, 2011 WL 744774 (S.D.N.Y. Mar. 1, 2011) (adjudicating false arrest and malicious prosecution claims on a motion to dismiss); *Richardson*, 2009 WL 804096 (adjudicating excessive force claims on summary judgment); *Vogeler v. Colbath*, No. 04-CV-06071, 2005 WL 2482549 (S.D.N.Y. Oct. 6, 2005) (adjudicating excessive force claims, among others, on summary judgment)).

Simply put, Defendants have failed to establish that Plaintiff has not stated a plausible claim for relief. Accordingly, Defendant's motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED. Defendants are directed to file an Answer to the Complaint within fourteen (14) days of this Memorandum Opinion and Order. The Court will thereafter docket a Notice of Initial Conference.

The Clerk of Court is respectfully requested to: (1) terminate the motion sequence pending at Doc. 33; and (2) mail a copy of this Memorandum Opinion and Order to Plaintiff at the address on the docket.

SO ORDERED.

Dated: White Plains, New York
May 25, 2022

PHILIP M. HALPERN
United States District Judge